Filing # 87222107 E-Filed 03/30/2019 04:52:15 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

ESTEBAN PEDRO SAMBOLA HODGSON,   CASE NO: 2019-9835-CA-01

    Plaintiff,

v.

SEVEN SEAS CRUISES S. DE R.L., LLC,
D/B/A REGENT SEVEN SEAS CRUISES, a
foreign for profit corporation, and
VOYAGER VESSEL COMPANY, LLC, a
foreign for profit corporation,

    Defendants.
_____/

## SEAMAN'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ESTEBAN PEDRO SAMBOLA HODGSON, by and through undersigned counsel, and hereby files this Seaman's Complaint and sues the Defendant, SEVEN SEAS CRUISES S. DE R.L., LLC D/B/A REGENT SEVEN SEAS CRUISES, a foreign for profit corporation, and Defendant, VOYAGER VESSEL COMPANY, LLC, a foreign for profit corporation, and in support thereof states as follows:

### GENERAL ALLEGATIONS

1. This is an action seeking damages in excess of the jurisdictional limits of the Circuit Court, in and for Miami-Dade County, Florida.

2. This is an admiralty and maritime claim arising under the federal general maritime law of the United States as well as the Merchant Marine Act of 1920 (the "Jones Act"), 46 U.S.C. § 30104, *et seq.*, and this Court has jurisdiction under the Savings to Suitors clause of 28 U.S.C. § 1333.

3. At all times material hereto, the Plaintiff, ESTEBAN PEDRO SAMBOLA HODGSON (hereinafter "HODGSON"), was a seaman, crew member and/or business invitee on board the cruise ship *M/V SEVEN SEAS VOYAGER* (hereinafter "vessel"), which was a cruise ship vessel operating in the navigable waters of the United States.

4. At all times material hereto, Defendant, SEVEN SEAS CRUISES S. DE R.L., LLC D/B/A REGENT SEVEN SEAS CRUISES (hereinafter "REGENT"), was and is a foreign for-profit corporation with its principal place of business in Miami-Dade County, Florida, and is therefore a citizen of Florida. Venue and jurisdiction are proper in this Court.

5. At all times material hereto, Defendant, VOYAGER VESSEL COMPANY, LLC (hereinafter "VOYAGER"), was and is a foreign for-profit corporation with its principal place of business in Miami-Dade County, Florida, and is therefore a citizen of Florida.

6. At all times material hereto, Defendant REGENT was the operator of the vessel *M/V SEVEN SEAS VOYAGER* and had operational control over its crewmembers, specifically including the Plaintiff herein.

7. At all times material hereto, Defendant, VOYAGER was the owner of the vessel *M/V SEVEN SEAS VOYAGER*.

8. On or about March 2015, Plaintiff was hired by a foreign Bahamian corporation, Seven Seas Services Limited, to work onboard the *M/V SEVEN SEAS VOYAGER* as a crewmember. Upon information and belief, Seven Seas Services Limited is not registered or licensed to do business in the State of Florida.

9. However, once onboard the *M/V SEVEN SEAS VOYAGER*, Plaintiff HODGSON came under the exclusive direction and control of REGENT.

10. Under the general maritime law, Defendant REGENT became HODGSON's borrowing employer and therefore owed Plaintiff all duties and benefits arising as his maritime employer, including the duties to provide a seaworthy vessel, a safe place to work, to provide prompt, proper and adequate medical care, and to provide maintenance and cure until HODGSON was at maximum medical cure.

11. At all times material, Defendant REGENT, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181, or 48.193; and

    e. The acts of Defendant set out in this Complaint occurred in whole or in part of this county and/or state.

12. At all times material, Defendant VOYAGER, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181, or 48.193; and

    e. The acts of Defendant set out in this Complaint occurred in whole or in part of this county and/or state.

13. On or about June of 2016, Plaintiff, HODGSON, joined the vessel *M/V SEVEN SEAS VOYAGER* as a seaman and crewmember.

14. Once on board the *M/V SEVEN SEAS VOYAGER*, HODGSON became the borrowed employee of REGENT under *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969). First, Plaintiff was assigned to work under a REGENT supervisor. Plaintiff took all orders from his REGENT supervisor. Plaintiff was never directly supervised by any employee of Seven Seas Services Limited.

15. Upon information and belief, Seven Seas Services Limited is organized as a manning agent for different cruise lines, placing crewmembers with cruise lines in the field of hotel staffing.

16. However, once HODGSON was placed in his position onboard the *M/V SEVEN SEAS VOYAGER*, he was performing the work of REGENT.

17. Although Seven Seas Services Limited was listed as Plaintiff's employer under his Crew Agreement, once Plaintiff HODGSON joined the *M/V SEVEN SEAS VOYAGER*, it was agreed and clear that Plaintiff was working for REGENT under a REGENT supervisor and assisting REGENT in performing work of the crew.

18. When HODGSON joined the vessel and learned that he was to work under REGENT, rather than Seven Seas Services Limited, he acquiesced to performing the work for REGENT.

19. Upon information and belief, all of HODGSON's tools, equipment, clothing, shoes, supplies, and food was provided by REGENT, and not by Seven Seas Services Limited.

20. Although HODGSON was hired to work as a seaman and crewmember for Seven Seas Services Limited, in fact he never performed any seaman's work directly under any employee of Seven Seas Services Limited, and never performed any functions on the vessel as a

crewmember, other than his work under REGENT. In fact, one hundred percent of Plaintiff's work on the vessel was under the control, supervision, and direction of REGENT.

21. Defendant REGENT had the right to terminate Plaintiff and was the entity that conducted reviews of Plaintiff's performance.

22. Plaintiff was paid by REGENT, not by Seven Seas Services Limited. Under the *Ruiz* factors referenced *supra*, Plaintiff was the borrowed employee of REGENT.

23. That Plaintiff was the borrowed servant of REGENT is further established by the fact that, once Plaintiff was injured or became ill onboard the *M/V SEVEN SEAS VOYAGER*, REGENT directed Plaintiff's medical treatment, made all decisions regarding when and where Plaintiff would sign off, provided for his repatriation, and provided him some medical care.

24. As Plaintiff's borrowing employer, REGENT had the nondelegable duty to provide prompt, proper and adequate medical care to Plaintiff HODGSON and to provide him maintenance and cure. Upon information and belief, any and all acts and/or omissions regarding Defendant's provision of Plaintiff's medical care, and maintenance and curative treatment, were made in Miami-Dade County, Florida.

25. Alternatively, REGENT undertook the duty to provide prompt, proper and adequate medical care to the Plaintiff HODGSON and to provide him maintenance and cure, thereby becoming liable for any and all acts and/or omissions regarding the negligent provision of Plaintiff's medical care, and maintenance and curative treatment.

26. As the owner of the *M/V SEVEN SEAS VOYAGER*, Defendant VOYAGER had the nondelegable duty to provide a seaworthy vessel.

27. As the owner of the *M/V SEVEN SEAS VOYAGER*, Defendant VOYAGER had the nondelegable duty to provide maintenance and cure to a seaman injured in the service of its vessel.

28. On or about September 16, 2016, while the vessel was docked at the Port of Miami, Plaintiff HODGSON was injured when he slipped down the stairs.

29. Plaintiff slipped on water, grease, or another transitory substance, suffering injury to his left leg and foot.

30. Plaintiff reported his incident onboard and was sent to the infirmary. Plaintiff was then repatriated to his home in Nicaragua without any follow-up medical care or maintenance.

31. Plaintiff continues to suffer from his leg and foot injuries. As such, he is entitled to maintenance and cure until declared at maximum medical improvement for all of his injuries that arose while he was in Defendant REGENT's employ as a seaman, as well as any other illnesses that may have manifested prior to Plaintiff reaching maximum possible cure.

32. Further, as a crewmember aboard Defendant's vessel, Plaintiff is entitled to receive maintenance and medical cure from both Defendants in a timely and complete manner.

33. The Third District Court of Appeal has described the doctrine of maintenance and cure as follows:

> Maintenance and cure is an ancient duty under the law of admiralty that arises against a shipowner in favor of a seaman who becomes ill, injured, or incapacitated, or whose condition becomes aggravated or enhanced for any reason, at least until the time that the seaman has achieved maximum medical recovery . . . Admiralty courts have traditionally been liberal in interpreting the scope of this duty . . . The seamen are wards of the Court and maintenance and cure should be afforded as long as there is any ambiguity or uncertainty about the continuation of that status . . . "The nature and foundations of the liability required that it be not narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes." *Aguilar v. Standard Oil Co.*, 318 US 724, 735, 63 S.Ct. 930, 87 LED. 1107 (1943).

*Duarte v. Royal Caribbean Cruises, Ltd.*, 761 So. 2d 367, 368 (Fla. 3d DCA 2000).

34. The United States Supreme Court held that "the breadth and inclusiveness" of a shipowner's duty to pay maintenance and cure "assure its easy and ready administration for [i]t has few exceptions or conditions to stir contentions, cause delays, and invite litigations." *Vella v. Ford Motor Co.*, 421 U.S. 1, 95 S. Ct. 1381, LED. 2d 682 (1975). An injured seaman is entitled to every benefit of the doubt when there is any ambiguity regarding whether maintenance and cure should be paid. *Vaughan v. Atkinson*, 369 U.S. 527, 530-331, 82 S. Ct. 997, 999-1000, 8 L. Ed. 2d 88 (1962); *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 87 LED. 1107, 63 S. Ct. 930 (1943). *See also Atlantic Sounding Co., Inc. v. Townsend*, 29 S. Ct. 2561 (2009).

## COUNT I
## JONES ACT NEGLIGENCE AGAINST REGENT

Plaintiff realleges and adopts paragraphs 1 through 34 as if set forth herein, and further alleges:

35. At all times material hereto, the Defendant REGENT owed the Plaintiff the highest standard of care as Plaintiff's maritime employer and under the Jones Act, 46 U.S.C. § 30104. It was the Defendant's responsibility to provide the Plaintiff with a reasonably safe vessel, with a safe place to work, to adequately maintain said vessel and to remedy unreasonable defects that the Defendant knew of or in the exercise of reasonable care should have known.

36. On or about September 16, 2016, Plaintiff was injured when he slipped and fell down stairs while working as a crewmember in REGENT's employ.

37. On or about September 16, 2016, Plaintiff was injured as a result of the negligence of REGENT, as follows:

   a. Failure to provide a safe place to work by failing to properly clean, inspect, and/or maintain the stairway in a reasonably safe condition for its crew;

b. Failure to properly assess the work place for hazards and to correct the hazards in a timely manner;

c. Failure to implement appropriate safety precautions and procedures onboard the vessel;

d. Failure to warn crewmembers, including Plaintiff, of the slippery and dangerous conditions on the stairs;

e. Failure to provide proper safety equipment for working in such conditions;

f. Allowing a dangerous condition to exist on the stairway when Defendant knew or should have known of the dangerous condition and the risk to its crew;

g. Allowing a dangerous condition to exist on the stairway notwithstanding prior similar incidents where crewmembers have slipped and fallen on stairs containing transitory substances;

h. Failure to provide a safe place to work;

i. Failure to provide Plaintiff with prompt, proper and adequate medical care and treatment; and,

j. Other acts and/or omissions constituting negligence that will be proven at trial.

38. As a direct and proximate result of the negligence of Defendant REGENT, its agents and/or employees, the Plaintiff was caused to suffer bodily injury, became incapacitated from work, has suffered pain and mental anguish, has incurred medical expenses for the alleviation of his injuries, suffers diminished earning capacity and lost wages and has lost the enjoyment of life, all of which injuries are permanent and continuing in nature.

**WHEREFORE**, Plaintiff demands judgment and all damages against Defendant, REGENT, available under the general maritime law and in equity, including but not limited to

compensatory damages, court costs, interest, prejudgment interest, attorneys' fees, and demands a trial by jury of all issues so triable.

## COUNT II
## REGENT'S FAILURE TO TREAT / INADEQUATE MEDICAL CARE

Plaintiff realleges and adopts paragraphs 1 through 34 as if set forth herein, and further alleges:

39. Among the duties that a borrowing employer owes to its seamen employees is the duty to provide prompt, proper and adequate medical care for seaman falling ill or suffering injury in the service of the ship. *De Zon v. American President Lines*, 318 U.S. 660, 667–68, 63 S. Ct. 814, 87 L. Ed. 1065 (1943).

40. Defendant, REGENT, failed to provide Plaintiff HODGSON with prompt, proper, adequate and complete medical care, including but not limited to treatment for his leg and foot injuries. Defendant REGENT's failure contributed to Plaintiff suffering additional injury, pain, disability, disfigurement, and/or prolonged Plaintiff's recovery.

41. As a result of REGENT's failure to provide prompt, proper and adequate medical care, Plaintiff was injured or became ill about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of a previously existing condition, medical expenses for the care and treatment of his injuries for the past and foreseeable future, suffered physical handicap, past and future lost wages, post and future loss of earning capacity, loss of found, and impairment of working ability. These injuries are continuing or permanent in nature, and Plaintiff will suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment and all damages against Defendant, REGENT, available under the general maritime law and in equity, including but not limited to

compensatory damages, court costs, interest, prejudgment interest, attorneys' fees, and demands a trial by jury of all issues so triable.

## COUNT III
## REGENT'S FAILURE TO PROVIDE MAINTENANCE AND CURE

Plaintiff realleges and adopts paragraphs 1 through 34 as if set forth herein, and further alleges:

42. On or about September 16, 2016, Plaintiff was injured when he slipped and fell down stairs while working as a crewmember in REGENT's employ in the service of the vessel *M/V SEVEN SEAS VOYAGER*.

43. Under the general maritime law, Plaintiff HODGSON, a seaman, is entitled to recover maintenance and cure from Defendant, REGENT, until he is declared to have reached maximum medical cure.

44. Plaintiff's medical care and treatment were neglected by Defendant REGENT. Defendant REGENT did not have a reasonably fit medical staff and did not provide Plaintiff with appropriate treatment for his injuries.

45. Defendant REGENT failed to provide maintenance and cure to Plaintiff, despite the fact that Plaintiff was injured when he left the vessel and had never been declared to have reached maximum medical improvement.

46. Defendant REGENT willfully and callously delayed, failed, and refused to provide Plaintiff with any maintenance or cure.

47. As a result of REGENT's failure to provide maintenance and cure, Plaintiff was injured or became ill about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of a previously existing condition, medical expenses for the care and treatment of his injuries for

the past and foreseeable future, suffered physical handicap, past and future lost wages, post and future loss of earning capacity, loss of found, and impairment of working ability. These injuries are continuing or permanent in nature, and Plaintiff will suffer these losses and impairments in the future.

48. Plaintiff has retained an attorney to enforce his maintenance and cure rights and remedy Defendant REGENT's breach of its maintenance and cure obligations, and is entitled to his attorneys' fees for obtaining said benefits.

**WHEREFORE**, Plaintiff demands judgment and all damages against Defendant, REGENT, available under the general maritime law and in equity, including but not limited to compensatory damages, court costs, interest, prejudgment interest, attorneys' fees, and demands a trial by jury of all issues so triable.

### COUNT IV – UNSEAWORTHINESS AGAINST VOYAGER

Plaintiff realleges and adopts paragraphs 1 through 34 as if set forth herein, and further alleges:

49. This action for unseaworthiness arises as an admiralty and maritime claim under the general maritime law.

50. On or about September 16, 2016, while in the performance of his duties onboard the vessel *M/V SEVEN SEAS VOYAGER*, owned by Defendant VOYAGER, and while employed by REGENT as a borrowed servant, the Plaintiff was injured during the course of his duties when he slipped and fell down stairs.

51. At all times material, Defendant VOYAGER owed Plaintiff the duty to provide a seaworthy vessel and to provide Plaintiff a safe place to work.

52. On or about September 16, 2016, the Plaintiff was severely injured as a result of the unseaworthiness of the vessel as follows:

a. The *M/V SEVEN SEAS VOYAGER* was unsafe and unfit due to the conditions created by Defendant's conduct;

b. The *M/V SEVEN SEAS VOYAGER* was unsafe and unfit due to the conditions of work which resulted in Plaintiff's injuries;

c. The *M/V SEVEN SEAS VOYAGER* was not reasonably fit for its intended purpose by virtue of the unsafe conditions Plaintiff was required to work under;

d. Failure to maintain said vessel and its equipment and appliances in a safe and seaworthy condition;

e. Said vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and such condition of said vessel and any and all damage and injuries were occasioned and occurred with the privity and knowledge of Defendant VOYAGER, its corporate officers, agents, servants, or employees at or prior to the commencement of the voyage;

f. Defendant and its corporate officers, servants, agents, employees and other persons for whom Defendant is responsible failed to take suitable precautions for the Plaintiff under the circumstances and conditions then existing within the knowledge of the Defendant. Said Defendant had actual and/or constructive notice of unsafe, dangerous, and unseaworthy conditions;

g. The vessel's crew was not properly trained, instructed, or supervised;

h. The vessel did not have a fit crew;

i. The vessel did not have a reasonably fit medical staff;

j. The vessel did not assign adequate manpower for the tasks being performed;

k. Failure to conduct proper job analysis and risk of harm analysis;

l.  Failure to provide proper training;

m.  The job methods and procedures were not reasonably fit for the intended purpose as it posed an unsafe method of operation and an unreasonable risk of injury;

n.  Lack of adequate medical care;

o.  The tools and manpower assigned to perform the tasks Plaintiff was required to perform were not fit for the intended purposes;

p.  Lack of a safe working environment; and,

q.  Other acts and/or omissions of unseaworthiness to be proven at trial.

53. As a direct and proximate result of the unseaworthiness of the vessel, the Plaintiff was caused to suffer severe bodily injury, was and still is incapacitated from work, will in the future be unable to engage in Plaintiff's vocation as a boat worker and or any other occupation requiring the full use of his body and limbs. As a further direct and proximate result of this injury suffered by Plaintiff, the Plaintiff has and will continue to suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as well as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

**WHEREFORE**, Plaintiff demands judgment and all damages against Defendant, VOYAGER, available under the general maritime law and in equity, including but not limited to compensatory damages, court costs, interest, prejudgment interest, attorneys' fees, and demands a trial by jury of all issues so triable.

## COUNT V
## VOYAGER'S FAILURE TO TREAT / INADEQUATE MEDICAL CARE

Plaintiff realleges and adopts paragraphs 1 through 34 as if set forth herein, and further alleges:

54. Among the duties that a shipowner owes to seamen assigned to its vessel is the duty to provide prompt, proper and adequate medical care for seaman falling ill or suffering injury in the service of the ship. *De Zon v. American President Lines*, 318 U.S. 660, 667–68, 63 S. Ct. 814, 87 L. Ed. 1065 (1943).

55. Defendant, VOYAGER, failed to provide Plaintiff HODGSON with prompt, proper, adequate and complete medical care, including but not limited to treatment for his leg and foot injuries. Defendant VOYAGER's failure contributed to Plaintiff suffering additional injury, pain, disability, disfigurement, and/or prolonged Plaintiff's recovery.

56. As a result of VOYAGER's failure to provide prompt, proper and adequate medical care, Plaintiff was injured or became ill about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of a previously existing condition, medical expenses for the care and treatment of his injuries for the past and foreseeable future, suffered physical handicap, past and future lost wages, post and future loss of earning capacity, loss of found, and impairment of working ability. These injuries are continuing or permanent in nature, and Plaintiff will suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment and all damages against Defendant, VOYAGER, available under the general maritime law and in equity, including but not limited to compensatory damages, court costs, interest, prejudgment interest, attorneys' fees, and demands a trial by jury of all issues so triable.

<u>**COUNT VI**</u>
<u>**VOYAGER'S FAILURE TO PROVIDE MAINTENANCE AND CURE**</u>

Plaintiff realleges and adopts paragraphs 1 through 34 as if set forth herein, and further alleges:

57. On or about September 16, 2016, Plaintiff was injured when he slipped and fell down stairs while in the service of the vessel *M/V SEVEN SEAS VOYAGER*, owned by Defendant VOYAGER.

58. Under the general maritime law, Plaintiff HODGSON, a seaman, is entitled to recover maintenance and cure from Defendant, VOYAGER, until he is declared to have reached maximum medical cure.

59. Plaintiff's medical care and treatment were neglected by Defendant VOYAGER. Defendant VOYAGER did not have a reasonably fit medical staff and did not provide Plaintiff with appropriate treatment for his injuries.

60. Defendant VOYAGER failed to provide maintenance and cure to Plaintiff, despite the fact that Plaintiff was injured when he left the vessel and had never been declared to have reached maximum medical improvement.

61. Defendant VOYAGER willfully and callously delayed, failed, and refused to provide Plaintiff with any maintenance or cure.

62. As a result of VOYAGER's failure to provide maintenance and cure, Plaintiff was injured or became ill about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of a previously existing condition, medical expenses for the care and treatment of his injuries for the past and foreseeable future, suffered physical handicap, past and future lost wages, post and future loss of earning capacity, loss of found, and impairment of working ability. These injuries are continuing or permanent in nature, and Plaintiff will suffer these losses and impairments in the future.

63. Plaintiff has retained an attorney to enforce his maintenance and cure rights and remedy Defendant VOYAGER's breach of its maintenance and cure obligations, and is entitled to his attorneys' fees for obtaining said benefits.

**WHEREFORE**, Plaintiff demands judgment and all damages against Defendant, VOYAGER, available under the general maritime law and in equity, including but not limited to compensatory damages, court costs, interest, prejudgment interest, attorneys' fees, and demands a trial by jury of all issues so triable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable.

Respectfully submitted this 30th day of March, 2019.

**BILLERA LAW, PLLC**
2201 NW Corporate Blvd., Suite 200
Boca Raton, FL 33431
Tel: 561-218-4639
Fax: 561-826-7847
*Attorneys for Plaintiff*

By: __s/ John Billera__
JOHN F. BILLERA, ESQ.
Florida Bar No.: 869041
john@billeralaw.com